Filed 5/15/13  Gal v. Panto USA CA4/1

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

COURT OF APPEAL, FOURTH APPELLATE DISTRICT

DIVISION ONE

STATE OF CALIFORNIA

| | |
|---|---|
| LASZLO GAL et al., | D059582 |
| Plaintiffs and Respondents, | |
| v. | (Super. Ct. No. 37-2008-00092714-CU-BC-CTL) |
| PANTO USA, INC., | |
| Defendant and Appellant. | |

APPEAL from a judgment of the Superior Court of San Diego County, Steven R. Denton, Judge.  Appeal dismissed.

Law Offices of Sean D. Schwerdtfeger, Sean D. Schwerdtfeger and Justin J. Wieland for Defendant and Appellant.

Navigato & Battin, Michael W. Battin and Stephanie S. Sciarani for Plaintiffs and Respondents.

A jury found in favor of plaintiffs Laszlo Gal and Agnes Christina Gal (together the Gals) on their claim for breach of implied warranty against Panto USA, Inc. (Panto). Panto appeals, claiming the trial court erred in precluding all evidence regarding a

warranty disclaimer in the contract on the ground the disclaimer was not conspicuous. (Cal. U. Com. Code, § 2316.)  It also asserts that some of the damages awarded must be stricken.

At oral argument on this appeal, counsel for Panto informed the court that the corporate status of his client had been changed to forfeited by the California Secretary of State.  We heard oral argument, but directed the parties to file letter briefs addressing how this change impacted the appeal.  The parties have done so.

The Gals' request for judicial notice is granted.  Panto is a Florida corporation whose corporate status in California has been forfeited.  The powers of a foreign corporation may be forfeited, for failure to pay certain taxes or file certain tax returns. (Rev. & Tax. Code, §§ 23301, 23301.5.)  During the period of forfeiture, the corporation may not prosecute or defend an action, or appeal from an adverse judgment.  (*Alhambra-Shumway Mines, Inc. v. Alhambra Gold Mine Corp.* (1957) 155 Cal.App.2d 46, 49–51.)  Accordingly, this appeal is dismissed.

## DISPOSITION

The appeal is dismissed.  Respondents are to recover their costs on appeal.


McINTYRE, J.


WE CONCUR:

McCONNELL, P. J.

NARES, J.


2